United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60654
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELVIN L. ATLAS, also known as Sealed Defendant 5,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-66-WNO-5
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Elvin L. Atlas was convicted by a jury of conspiracy to

distribute cocaine and marijuana and of using a communications

facility, a telephone, to commit, cause, or facilitate the

conspiracy.  Atlas argues that the evidence is insufficient to

support his convictions because it did not show that he entered

into a conspiracy.  In reviewing a claim of insufficient

evidence, this court views the evidence, in the light most

favorable to the verdict, to determine if a rational trier of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. <u>United States v. Romero-Cruz</u>, 201 F.3d 374, 378 (5th Cir. 2000). The testimony of Brown's codefendant was sufficient to show that Atlas joined in the conspiracy's ultimate purpose of distributing drugs. <u>United States v. Thomas</u>, 12 F.3d 1350, 1365 (5th Cir. 1994); <u>United States v. Puig-Infante</u>, 19 F.3d 929, 936 (5th Cir. 1994). Atlas does not dispute that the telephone system was used in connection with the offense. The evidence presented at trial was sufficient to support Atlas's convictions.

Atlas challenges the instructions and verdict form given to the jury. Atlas does not show that the jury charge or verdict form, considered as a whole and in the full context of the trial, were inadequate or erroneous. <u>United States v. Allred</u>, 867 F.2d 856, 868 (5th Cir. 1989).

Atlas argues that the district court was clearly erroneous in determining the amount of cocaine and marijuana that were relevant to the conspiracy offense. A district court's findings of fact, including its findings concerning the amount of drugs for which a defendant should be held responsible, are reviewed for clear error. <u>United States v. Posada-Rios</u>, 158 F.3d 832, 878 (5th Cir. 1998). The district court may hold a defendant accountable for unconsummated transactions. Atlas does not argue that he was not capable of taking delivery of the planned but uncompleted transaction involving 10 kilos of cocaine, rather he

argues that the testimony of his codefendant was not sufficient to prove that he engaged in the conspiracy. The codefendant's testimony was viewed as credible by the jury, and Atlas has not shown that the district court clearly erred in relying on that same testimony at sentencing.

Atlas makes a vague and unsupported argument that his sentence should be vacated under United States v. Booker, 125 S. Ct. 738 (2005). Atlas does not suggest that the district court committed fundamental error by sentencing him under the mistaken belief that the guidelines were mandatory. Atlas does not maintain that the sentencing increase based on relevant conduct applied by the district court is impermissible because it was based upon facts not admitted by him during his guilty plea or not found beyond a reasonable doubt by a jury. Nor can he because the jury did make findings as to the amount of narcotics for which he was responsible. In any event, this pro forma argument is insufficient under FED. R. APP. P. 28 and is deemed waived. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.